## (Reap. Dec. 10217)

## SAMUEL SHAPIRO & COMPANY, INC. *v.* UNITED STATES

Entry No. 5838, etc.

(Decided March 29, 1962)

*Tompkins & Tompkins* for the plaintiff.
*William H. Orrick, Jr.,* Assistant Attorney General, for the defendant.

MOLLISON, Judge: Counsel for the parties have submitted the appeals for reappraisement enumerated in the attached schedule for decision upon stipulation, reading as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, subject to the approval of the court, that all of the items of merchandise on the invoices covered by the reappraisement appeals specified in Schedule A, below, which Schedule A is made a part of this stipulation, consist of birch plywood from Finland of the same kind in all material respects, and subject to the same marketing and sales conditions as the merchandise and the conditions that were the subject of decision in the case of *United States* v. *Arbit Trading Company*, A.R.D. 131, and that the record in said cited case may be received into evidence in the appeals set forth in Schedule A, below.

That at or about the dates of exportation such and similar plywood was not freely offered for sale for home consumption in Finland; and the prices at which it was freely offered for sale to all purchasers in the principal markets of Finland in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoice prices as set forth in the invoices covered by the reappraisement appeals in said Schedule A, less prorated the items of ocean freight and insurance as set forth in said invoices.

On the agreed facts, I find export value, as defined as it existed prior to the effective date of the Customs Simplification Act of 1956, in section 402(d), Tariff Act of 1930, is the proper basis for the determination of the values of the merchandise involved and that such values were the invoice prices as set forth in the invoices, less, prorated, the items of ocean freight and insurance, as set forth in said invoices.

Judgment will issue accordingly.